UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence Thompson, | : | Case No. 3:07CV3550 |
| | : | |
| Petitioner | : | Judge Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Jesse Williams, Warden, | : | |
| | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his March 8, 2005 conviction pursuant to pleas of no contest to five counts of trafficking in cocaine, upon which he was sentenced to mandatory terms of four years incarceration on each count, and to two counts of permitting drug abuse, upon which he was sentenced to concurrent terms of incarceration of nine months on each count, to run concurrently with the sentences for trafficking in cocaine, for an aggregate sentence of twenty years incarceration.

In the instant petition, petitioner raises the following three claims for relief:

    **A.**    **GROUND ONE:** The sentences imposed in this case, of a non-minimum, consecutive sentence for a person with no prior felony convictions, was unconstitutional for violation of his rights of presentment to a grand jury, to trial by jury and to proof beyond a reasonable doubt of essential facts without which such sentence could not be imposed.

    **B.**    **GROUND TWO:** The remedy applied in Ohio to Mr. Thompson of removing statutory presumptions as a cure for an admitted constitutional defect in the sentencing statute violated his right to due process by creating the equivalent of an ex post facto penalty.

    **C.**    **GROUND THREE:** The sentence in this case was cruel and unusual, in violation of the Ohio Constitution and in violation of the United States Constitution, as egregiously disproportionate to similar sentences imposed for similar offenders.

As this Court reviewed the record in this case, its attention was drawn to Exhibit 5 to the respondent's return of writ, captioned "Negotiated Plea of No Contest." Within that document the following language was agreed to by the petitioner (as reflected by his signature) as regarded Counts 1-4:

> I understand the terms of imprisonment for multiple counts may run concurrent or consecutive to each other.

> \* \* \* \* \*

> By entering this plea and waiving my right to a trial by jury, I also consent to a Judicial fact finding with regard to sentencing. [with the handwritten additional phrase "as limited by oral discussions."]

On the second form bearing the same caption pertaining to Counts 5-7, the "multiple counts" language cited above had the words "concurrent" and "consecutive" underlined, with the word "or" circled, thus calling additional attention to those words.

There is no mention by the parties of how petitioner's negotiated pleas of no contest, in which he acquiesced to the above-referenced statements, affects petitioner's right to challenge the sentence in these proceedings in habeas corpus. That being so, this Court hereby directs the parties to submit simultaneous supplemental briefs addressing this issue within thirty (30) days of receipt of this opinion.

    **IT IS HEREBY ORDERED.**

    s/DAVID S. PERELMAN
    United States Magistrate Judge

DATE:   July 9, 2008