UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence Thompson, | ) | CASE NO. 3:07-CV-3550 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Jesse Williams, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Pearson (Doc. 12), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Lawrence Thompson, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after being convicted on five counts of drug trafficking and two counts of permitting drug abuse. This matter has been fully briefed and the Magistrate Judge issued her Report and Recommendation recommending

1

that the Petition be dismissed on its merits. Petitioner has filed Objections to the Report and Recommendation.

### STANDARD OF REVIEW

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### DISCUSSION

Magistrate Judge Pearson concluded that the November 14, 2007 Petition lacks merit. The Court accepts this determination.

The Petition sets forth three grounds:

> (1) The sentence imposed in this case, of a non-minimum, consecutive sentence for a person with no prior felony convictions, was unconstitutional for violation of his rights of presentment to a grand jury, to trial by jury, and to proof beyond a reasonable doubt of essential facts without which such sentence could not be imposed.
>
> (2) The remedy applied in Ohio to petitioner of removing statutory presumptions as a cure for an admitted constitutional defect in the sentencing statute violated his right to due process by creating the equivalent of an ex post facto penalty.
>
> (3) The sentence in this case was cruel and unusual, in violation of the Ohio Constitution and in violation of the United States Constitution, as egregiously disproportionate to similar sentences imposed for similar offenders.

Petitioner raises no specific objections to the Magistrate Judge's recommendation on grounds one and two, acknowledging that such arguments have been rejected in many previous

cases. Petitioner does object to the Magistrate Judge's recommendation on ground three. Petitioner was convicted of seven felonies that carried a maximum aggregate penalty of 27 years in prison. Petitioner was sentenced to 20 years, four years on each count of drug trafficking to run consecutively, and nine months on each count of permitting drug abuse to be served concurrently.

Upon review, the Court finds that petitioner's sentence is not cruel and unusual. Strict proportionality between a crime and its punishment is not required. *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000) (citing *Harmelin v. Michigan,* 501 U.S. 957, 959-60 (1991)). Only extreme sentences that are grossly disproportionate to the crime are prohibited. *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir. 1991). Moreover, a sentence within the statutory maximum generally does not impose cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000). Petitioner's sentence was within the statutory maximum, and judges in Ohio have discretion to order that sentences run consecutively. *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). Additionally, petitioner's argument that his sentence is cruel and unusual when compared with sentences that others have received for committing similar crimes lacks merit because the Constitution does not require comparative proportionality. *Pulley v. Harris,* 465 U.S. 37, 43-45 (1984). Accordingly, petitioner's sentence is not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

In his Objections to the Magistrate Judge's Report and Recommendation, petitioner also raises, for the first time, the issue of whether he has exhausted his state remedies, alleging that the sentencing entry in his case may not be a final appealable order. Because petitioner did not raise this issue in the state court, the issue is not properly before this Court and it will not be

3

considered.[1]

### **CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is DISMISSED as without merit. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/4/10

---

[1] Petitioner's argument that the sentencing entry was not a final appealable order, and thus petitioner would be entitled to file another direct appeal upon entry of such a final order, appears to be in error as the appropriate remedy would be for the state court to correct the clerical error by a *nunc pro tunc* entry. *Dunn v. Smith,* 894 N.E.2d 312, 313 (Ohio 2008).